Per Curiam.

Defendant issued a policy which insured plaintiff and his family against ‘ ‘ expenses actually incurred by you or your family” for the diagnosis and treatment of cancer. Plaintiff also was separately insured under a contract with the Health Insurance Plan of Greater New York (HIP) which provided prepaid medical care. He and his family were entitled to treatment by HIP physicians without further charge. At a time when both policies were in force plaintiff’s wife was opertaed upon for a cancerous condition. Plaintiff was not billed for the services rendered to his wife by the treating-physician who belonged to HIP.
In this action plaintiff seeks to recover from defendant the sum of $500 as the reasonable value of services rendered by the HIP physician to his wife, based upon the physician’s statement relative to dual insurance coverage, which reads as follows: “ I have been compensated for the services rendered to A. Carboni as described on the attached claim form. These services are part of the comprehensive medical care which the above-named is entitled to receive by contract with the Health Insurrance Plan of Greater New York, from the Medical Group of which I am a physician member. * * * If I had billed the insured directly, a reasonable fee would have been: $500.”
In our opinion no expense was “ actually incurred ” by plaintiff or his family within the meaning of the policy issued by defendant for the services rendered by the HIP physician. Accordingly, it was error to deny defendant’s motion for sumary judgment.
The order should be unanimously modified so as to provide that defendant’s motion for summary judgment dismissing the complaint should be granted, and as so modified, affirmed, without costs.
Concur — Brown, Martuscello and Schwartzwald. JJ-
Order modified, etc.